IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSE L. NIEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-002 |
| | ) | |
| WARDEN O'NEAL and | ) | |
| MS. MOODY, Correctional Officer, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Hancock State Prison, filed his complaint pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Telfair State Prison ("TSP") in Helena, Georgia. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam).

## I.    SCREENING OF THE COMPLAINT

### A.    BACKGROUND

Plaintiff names the following Defendants: (1) TSP Warden O'Neal, and (2) TSP Officer Ms. Moody. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On June 13, 2018, Defendant Moody called a "lockdown for store" using profanity and displaying aggressive behavior. (Id. at 5.) When she reached Plaintiff's cell, he tried to explain

his cellmate was on his way back, but Defendant Moody announced she did not care and "proceeded to remove the rag from the top of the cell door." (Id.) When Plaintiff attempted to retrieve the rag from the floor, Defendant Moody "maliciously slammed the door on [Plaintiff's] right hand amputating [his] right thumb instantly leaving [his] bone exposed." (Id.) Even though Plaintiff showed Defendant Moody his thumb on the floor, she left without offering, or calling for, assistance. (Id.)

A fellow inmate helped Plaintiff to the medical department, and Plaintiff received treatment at the hospital. (Id.) When the doctor asked to keep Plaintiff overnight to administer pain medication, Defendant O'Neal "stated as soon as they were done with [Plaintiff's] stiches to send [Plaintiff] back to the prison." (Id.) Upon his return to TSP, Plaintiff did not receive any pain medication for twenty-one hours, and he now cannot use his right hand properly. (Id.) Among other things, Plaintiff seeks $250,000 in compensatory damages and $1.5 million in punitive damages from each Defendant. (Id. at 6.)

## B.    DISCUSSION

### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Plaintiff Fails to State a Valid Claim against Defendant O'Neal

Defendant O'Neal cannot be held liable for the acts of medical providers at TSP merely by virtue of his supervisory position as a Warden at TSP. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat*

*superior* or vicarious liability." <u>Hartley v. Parnell</u>, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); <u>see also</u> <u>Rosa v. Fla. Dep't of Corr.</u>, 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. <u>See</u> <u>Kruger v. Jenne</u>, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing <u>Powell v. Shopco Laurel, Co.</u>, 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Rosa</u>, 522 F. App'x at 714 (quoting <u>Iqbal</u>, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendant O'Neal liable, Plaintiff must demonstrate that either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. <u>See</u> <u>Hartley</u>, 193 F.3d at 1269 (citing <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff alleges only that a doctor at the hospital asked if Plaintiff could stay overnight to receive a particular pain medication and that Defendant O'Neal required Plaintiff return to TSP. Nowhere does Plaintiff allege Defendant O'Neal was actually present for, or participated in, Plaintiff's medical treatment. Nor does he allege Defendant O'Neal was responsible for examining Plaintiff or making any determination about Plaintiff's course of treatment, including what pain medication to administer upon his return to TSP. Courts have recognized that supervisory prison officials who are not medical professionals are entitled to rely on the decisions of trained medical practitioners regarding care provided to inmates. <u>See</u> <u>Williams v. Limestone Cty., Ala.</u>, 198 F. App'x 893, 897-98

(11th Cir. 2006) (*per curiam*); <u>Rutledge v. Lift</u>, CV 307-055, 2009 WL 2842739, at *8 (S.D. Ga. July 22, 2009) (citing <u>Waldrop v. Evans</u>, 681 F. Supp. 840, 848-49 (M.D. Ga. 1988)), *adopted by* 2009 WL 2900276 (S.D. Ga. Sept. 3, 2009) (Bowen, J.).

Nor has Plaintiff alleged the requisite causal connection between Defendant O'Neal and the asserted constitutional violation.  <u>See</u> <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," <u>Brown</u>, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" <u>Hartley</u>, 193 F.3d at 1269 (quoting <u>Rivas v. Freeman</u>, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high.  In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." <u>Brown</u>, 906 F.2d at 671 (emphasis added).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation.  First, Plaintiff does not allege a widespread history of improper medical treatment at TSP.  Second, he does not allege Defendant O'Neal had a custom or policy for allowing pain medication to be withheld.  Third, Plaintiff does not allege Defendant O'Neal directed medical staff at TSP to take any particular action with respect to Plaintiff's treatment.  At best, Plaintiff

has alleged Defendant O'Neal ordered Plaintiff to be returned at TSP when his emergency treatment had been finished.  He says nothing about any further involvement by Defendant O'Neal in the medical decisions to be made about when and what kind of pain medicine would be administered upon Plaintiff's return.  In sum, Plaintiff has not shown Defendant O'Neal actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation.  Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendant O'Neal, and he should be dismissed from this case.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant O'Neal be **DISMISSED** from this case because Plaintiff fails to state a claim against him upon which relief can be granted.  By separate Order, the Court directs service of process on Defendant Moody based on Plaintiff's deliberate indifference allegations against her.

SO REPORTED and RECOMMENDED this 31st day of January, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA